## LAYKIE HAYWOOD V. THE STATE.

No. 9517.   Delivered November 25, 1925.

**Forgery—Evidence—When Conflicting—For Jury.**

Where, on a trial for forgery, there is a conflict between exculpatory statements of accused, introduced by the State, and other testimony, the court properly refused a peremptory instruction, the conflict in the evidence being a question of fact to be passed on by the jury.

Appeal from the District Court of Bowie County.   Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of forgery, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for forgery of a check for $14, dated August 2, 1924, purporting to be signed by Eddie Cotton, and drawn against the Guaranty State Bank of Hooks, Texas.  The punishment is two years in the penitentiary.

The evidence shows that Cotton was a negro engaged in farming operations, in which he hired a number of hands to assist him.  Appellant was a cousin of Cotton, for whom he had been working for about a week. Cotton owed him $4 on August 2, and paid him by check on said bank for said amount.  Appellant presented the $4 check, which was paid. He later presented for payment the $14 check which is claimed to have been a forgery.  The bank employe to whom this check was presented refused payment, and reported the incident to the president of the bank, who asked appellant about it. Appellant said while on the way from Cotton's place to town a negro gave him the $14 check and requested him to cash it. In his conversation with the officer of the bank he claimed never to have seen this negro before. Appellant testified on the trial that the negro from whom he received the $14 check was named Jones. The State introduced a witness who claims to have left Cotton's place with appellant and to have been with him all the time until he reached the town of Hooks, and who says that

no one on the road gave appellant any check as claimed by the latter. It became an issue before the jury by testimony pro and con whether the incident claimed by appellant to have occurred on the road whereby he secured the $14 check from another negro was true or false. At the conclusion of the evidence appellant requested the court to instruct the jury to return a verdict of not guilty, basing such request upon the contention that because the State had introduced in evidence statements made by appellant at the time of the alleged commission of the offense which were exculpatory in their nature and negatived guilt, appellant was entitled to an instructed verdict on the ground that the exculpatory statements had not been disproved by the State. The court properly declined to give this instruction. It was a matter for the jury, and not the court, to determine whether the exculpatory statements made by appellant had been proven to be untrue. No exception was taken to the charge because it omitted to submit such issue to the jury, and no special charge upon the point was requested. The court did instruct the jury if they believed appellant in good faith received the $14 check from one Jones and endeavored to cash it for Jones without knowing the same to have been forged, or if they had a reasonable doubt as to this, they should acquit appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*